IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 10-00631-02 LEK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT |
| | ) | JAMES HENRY PFLUEGER'S |
| vs. | ) | MOTION FOR SEVERANCE |
| | ) | PURSUANT TO RULE 14 OF THE |
| JAMES HENRY PFLUEGER (02), | ) | FEDERAL RULES OF CRIMINAL |
| | ) | PROCEDURE |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT JAMES HENRY PFLUEGER'S
MOTION FOR SEVERANCE PURSUANT TO RULE 14 OF THE
FEDERAL RULES OF CRIMINAL PROCEDURE

Before the Court is Defendant James Henry Pflueger's ("Pflueger") Motion for Severance Pursuant to Rule 14 of the Federal Rules of Criminal Procedure (Doc. 149). The Court heard this Motion on March 12, 2012. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, Pflueger's Motion is GRANTED.

Pflueger is charged with various tax crimes, including conspiracy to defraud the Government relating to his income taxes and various tax documents. Pflueger seeks an order severing his trial from his Codefendant Dennis L. Duban's trial pursuant to Federal Rule of Criminal Procedure ("FRCP") Rule 14. Pflueger argues that Duban has "direct and unique knowledge of the preparation of

[Pflueger's] tax returns, [Pflueger's] knowledge of the contents of the tax returns and the events surrounding the filing or non-filing of these tax returns."  Pflueger argues that Duban would testify in his defense and provide exculpatory testimony if their trials were severed, but that he would not so testify in a joint trial because doing so may incriminate himself.

FRCP Rule 14 provides:  "If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . the court may . . . sever the defendants' trials, or provide any other relief that justice requires."  "'When the reason for severance is the need for a codefendant's testimony,' the threshold showing required of the defendant is '(1) that he would call the defendant at a severed trial, (2) that the codefendant would in fact testify, and (3) that the testimony would be favorable to the moving party.'"  United States v. Reese, 2 F.3d 870, 892 (9th Cir. 1993).  Courts also consider "the good faith of the defendant's intent to have a codefendant testify, the possible weight and credibility of the predicted testimony, the probability that such testimony will materialize, and the economy of a joint trial."  United States v. Mariscal, 939 F.2d 884, 885 (9th Cir. 1991).

Severance under Rule 14 is appropriate when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or

prevent the jury from making a reliable judgment about guilt or innocence." Reese, 2 F.3d at 891. "The determination of risk of prejudice and any remedy that may be necessary is left to the sound discretion of the district courts." Id.

In this case, Pflueger's attorney submitted a declaration stating that he "would call Mr. Duban as a defense witness" if the trials were severed. (Toscher Decl'n ¶ 3). Duban also submitted a declaration in camera, which states that he would testify in Pflueger's defense if their trials were severed, but he would not testify in a joint trial because doing so would waive his rights under the Fifth Amendment.

In his declaration submitted in camera, Duban details the facts that he would testify to in a separate trial for Pflueger. Duban was Pflueger's Certified Public Accountant and tax preparer for years. He was responsible for all of Pflueger's tax filings during the tax years relevant to the Indictment. Although other members of Duban's firm may have worked on Pflueger's tax filings, Duban was the person who directly communicated with Pflueger about his tax documents and is in the unique position of being able to provide testimony about Pflueger's knowledge, state of mind, and role in the preparation of his tax documents. This information is vital to Pflueger's defense because it may negate the intent element of the charges against him. United States v. Bishop, 291 F.3d 1100, 1106 (9th Cir.

2002) ("willfulness is an element in all criminal tax cases"). Based on the information Duban provides in his declaration, the Court finds that his testimony is favorable for Pflueger and may be substantially exculpatory. See id. ("Good faith reliance on a qualified accountant has long been a defense to willfulness in cases of tax fraud and evasion.").

Therefore, based on the declarations of Pflueger's counsel and Duban, Pflueger establishes "(1) that he would call [Duban] at a severed trial, (2) that [Duban] would in fact testify, and (3) that the testimony would be favorable to [Pflueger].'" Reese, 2 F.3d at 892. The declarations also reveal "the good faith of [Pflueger's] intent to have [Duban] testify, the possible weight and credibility of the predicted testimony, [and] the probability that such testimony will materialize." Mariscal, 939 F.2d at 885.

According to the Supreme Court, "Few rights are more fundamental than that of an accused to present witnesses in his own defense." Taylor v. Illinois, 484 U.S. 400, 408 (1988). This Sixth Amendment right "is a fundamental element of due process of law." Washington v. Texas, 388 U.S. 14, 19 (1967). Because "the settled law of our Circuit is that in a joint trial a defendant may not call a co-defendant to the witness stand," Pflueger is unable to call Duban as an exculpatory witness at a joint trial. However, denying Pflueger of Duban's

testimony would infringe on his constitutional right to present witnesses in his own defense. Indeed, "a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." Zafiro v. United States, 506 U.S. 534, 539 (1993). Given the Court's finding that Duban's testimony is favorable and likely substantially exculpatory, the Court concludes that a joint trial would prejudice Pflueger and compromise his constitutional rights. See Reese, 2 F.3d 891. This prejudice outweighs the judicial economy of a joint trial. Severance of Pflueger's and Duban's trials is therefore warranted. See Reese, 2 F.3d 891; Fed. R. Crim. P. 14(a).

At oral argument, the Government contended that other witnesses may be in the position to present the same testimony as Duban. The Court understands that the Government is not privy to Duban's in camera declaration and, thus, does not know the details of what Duban's testimony would be. However, the Government's ability to provide similar testimony is highly speculative and unlikely, as Duban was in the unique position of directly communicating with Pflueger about his tax documents. Although other members of Duban's accounting firm may have worked on Duban's tax returns, the Court is not convinced that they could testify to Pflueger's knowledge and state of mind like Duban is able to.

The Government also argues that severance should be denied in light of <u>United States v. Doe</u>, 655 F.2d 920 (9th Cir. 1981). In that case, defendants Doe and Roe were charged with conspiracy to possess heroin with intent to distribute. <u>Id.</u> at 923. Doe filed a motion to sever their trial, which was denied. <u>Id.</u> at 924. Because Doe believed he "had a 'moral obligation' to testify as a witness in defense of Roe," Doe testified for Roe at trial and "fully incriminated himself." <u>Id.</u>

On appeal, Doe argued that the denial of his motion to sever "forc[ed] him to honor his 'moral obligation' to testify on behalf of his co-defendant, [which] unconstitutionally compelled him to testify against himself." <u>Id.</u> at 926. The Ninth Circuit disagreed, stating that "Roe was powerless to compel Doe to provide exculpatory evidence on his behalf [and that] Doe's election to do so was his own decision." <u>Id.</u> The court ultimately held that the trial court did not abuse its discretion that a "joint trial was not so prejudicial as to require" severance. <u>Id.</u> at 927.

<u>Doe</u> is distinguishable from this case in that Duban claims no "moral obligation" to testify in Pflueger's defense. As even the <u>Doe</u> court acknowledges, severance is warranted where "a joint trial is 'so manifestly prejudicial that it outweighs the dominant concern with judicial economy.'" 655 F.2d at 926. As discussed above, the prejudice to Pflueger in denying severance outweighs the

6

judicial economy of a joint trial. The Court therefore GRANTS Pflueger's request to sever his trial from Duban's trial.

The Court notes that "the purpose of a severance is more fully implemented when the co-defendant witness is tried first, and consequently is not deterred from providing exculpatory testimony by the prospect of forfeiting his Fifth Amendment privilege." United States v. Gay, 567 F.2d 916, 921 (9th Cir. 1978). Accordingly, the Court holds that Duban's trial shall be held before Pflueger's trial.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Pflueger's Motion for Severance Pursuant to Rule 14 of the Federal Rules of Criminal Procedure and concludes that Duban's trial shall take place prior to Pflueger's trial.

USA v. James Henry Pflueger (02), Cr. No. 10-00631-02 LEK; ORDER GRANTING DEFENDANT JAMES HENRY PFLUEGER'S MOTION FOR SEVERANCE PURSUANT TO RULE 14 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

DATED: Honolulu, Hawaii, March 26, 2012.

IT IS SO ORDERED.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

USA v. James Henry Pflueger (02), Cr. No. 10-00631-02 LEK; ORDER GRANTING DEFENDANT JAMES HENRY PFLUEGER'S MOTION FOR SEVERANCE PURSUANT TO RULE 14 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.