IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00631 LEK |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| CHARLES ALAN PFLUEGER, (01) | ) | |
| JAMES HENRY PFLUEGER, (02) | ) | |
| RANDALL KEN KURATA, (03) | ) | |
| DENNIS LAWRENCE DUBAN, (04) | ) | |
| JULIE ANN KAM, (05) | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT JAMES HENRY PFLUEGER'S
MOTION TO DISMISS COUNT 14 OF THE INDICTMENT**

Before the Court is Defendant James Henry Pflueger's ("Defendant") Motion to Dismiss Count 14 of the Indictment ("Motion"), filed on February 16, 2012. The United States of America ("the Government") filed its memorandum in opposition under seal on March 2, 2012, and Defendant filed his reply on March 14, 2012. This matter came on for hearing on March 21, 2012. Appearing on behalf of Defendant was Steven Toscher, Esq., and appearing on behalf of the Government was Assistant United States Attorney Leslie Osborne, Jr. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendant's Motion is HEREBY DENIED because whether Defendant was ignorant of the law or was unclear as to what his legal obligations were is not a basis for dismissing

Count 14 but a matter for trial, as set forth more fully below.

## BACKGROUND

On September 15, 2010, a grand jury sitting in the District of Hawai`i returned a fourteen-count Indictment charging Defendant and four others with various criminal tax violations and conspiracy to commit these violations. The facts pertinent to the instant Motion are as follows: the Government alleges that, on or about July 1, 2008, Defendant was required by law but did not file a United States Department of the Treasury Report of Foreign Bank and Financial Accounts, Form TDF 90-22.1 (commonly referred to as an "FBAR") regarding his financial interest in and authority over a financial account in a bank account in Switzerland that had an aggregate value of more than $10,000. In Count 14, Defendant is charged with failing to file an FBAR regarding this bank account. [Indictment at ¶ 32.]

In the instant Motion, Defendant asks the Court to dismiss Count 14. Briefly, the Motion argues that: (1) as of June 30, 2008, the deadline for filing an FBAR for 2007, the law was not sufficiently clear as to whether Defendant was required to file an FBAR reporting his interest in the bank account in Switzerland; and (2) Count 14 requires the Government to prove that Defendant's failure to file an FBAR was "willful" and, because the law was unsettled at the time that the Government contends an FBAR should have been filed, the Government cannot,

as a matter of law, prove that Defendant willfully failed to file a 2007 FBAR.

In opposition, the Government argues that it can and will marshal evidence sufficient to prove Defendant's willfulness in failing to file the required FBAR, and points out that Defendant fails to provide any case authority for the proposition that the law surrounding the FBAR filing requirement is too vague to be enforced. The Government submits that it has successfully prosecuted others for FBAR violations and that a challenge to the failure to prove a defendant's willfulness is for appeal and not a matter for pretrial motions.

In reply, Defendant reiterates that the instant Motion should be granted because he was not provided fair notice of his legal obligation to file an FBAR because the law was unclear and unsettled. Therefore, Defendant submits, the Government cannot prove a necessary element of the offense, namely, that Defendant willfully violated the FBAR requirements.

## **DISCUSSION**

The Ninth Circuit has stated:

> In examining a statute for vagueness, we must determine whether a person of average intelligence would reasonably understand that the charged conduct is proscribed. United States v. Mazurie, 419 U.S. 544, 553, 95 S. Ct. 710, 42 L. Ed. 2d 706 (1975). The statute "must be examined in the light of the facts of the case at hand." Id. at 550, 95 S. Ct. 710.

United States v. Williams, 441 F.3d 716, 724 (9th Cir. 2006).

As to 31 U.S.C. §§ 5314 and 5322(a), the statutes charged in Count 14 of the Indictment, Defendant cannot establish that these statutes are vague. In 1994, the Supreme Court held that to establish the willful violation of 31 U.S.C. § 5324, "the Government must prove that the defendant acted with knowledge that his conduct was unlawful." Ratzlaf v. United States, 510 U.S. 135, 136-37 (1994).[1] By inference, the Supreme Court extended this determination to a § 5314 violation by noting that willfulness is established by "reasonable inferences from the evidence of [the] defendant's conduct" and that "the Government has not found it 'impossible' to persuade a jury to make such inferences in prosecutions for willful violations of §§ 5313, 5314, or 5316." Id. at 149, n.19 (citing United States v. Dichne, 612 F.2d 632, 636-638 (2d Cir. 1979)).

"Willfulness may be proven through inference from conduct meant to conceal or mislead sources of income or other

---

[1] In 1994, Congress amended 31 U.S.C. § 5322 to eliminate the willfulness requirement in § 5324 violations. See, e.g., United States v. Ahmad, 213 F.3d 805, 809 (4th Cir. 2000) (citing Pub. L. No. 103-325, § 411(c)(1), 108 Stat. 2160, 2253 (1994)). The current version of § 5322(a) states:
> A person willfully violating this subchapter or a regulation prescribed or order issued under this subchapter (except section 5315 or 5324 of this title or a regulation prescribed under section 5315 or 5324), or willfully violating a regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, shall be fined not more than $250,000, or imprisoned for not more than five years, or both.

4

financial information." United States v. Struman, 951 F.2d 1466, 1476 (6th Cir. 1991) (citing Spies v. United States, 317 U.S. 492, 499, 63 S. Ct. 364, 368, 87 L. Ed. 418 (1943)). Whether the Government can prove that Defendant knew that he was required to file a FBAR and knew that his failure to do so was unlawful is a matter for trial.

## CONCLUSION

On the basis of the foregoing, Defendant James Henry Pflueger's Motion to Dismiss Count 14 of the Indictment, filed February 16, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 29, 2012.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA V. JAMES HENRY PFLUEGER, ET AL; CR. NO. 10-00631 LEK; ORDER DENYING DEFENDANT JAMES HENRY PFLUEGER'S MOTION TO DISMISS COUNT 14 OF THE INDICTMENT**