IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00631 LEK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING THE |
| | ) | GOVERNMENT'S APPEAL AND |
| vs. | ) | REQUEST TO THE DISTRICT COURT |
| | ) | TO RECONSIDER A PRETRIAL |
| CHARLES ALAN PFLUEGER, (01) | ) | MATTER DETERMINED BY THE |
| JAMES HENRY PFLUEGER, (02) | ) | MAGISTRATE JUDGE |
| RANDALL KEN KURATA, (03) | ) | |
| DENNIS LAWRENCE DUBAN, (04) | ) | |
| JULIE ANN KAM, (05) | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING THE GOVERNMENT'S APPEAL AND
REQUEST TO THE DISTRICT COURT TO RECONSIDER
<u>A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE</u>**

Before the Court is Plaintiff the United States of America's ("the Government") Appeal and Request to the District Court to Reconsider a Pretrial Matter Determined by the Magistrate Judge ("Magistrate Judge Appeal"), filed on April 4, 2012. [Dkt. no. 209.] Defendant James Henry Pflueger ("Pflueger") filed his opposition to the Magistrate Judge Appeal ("Opposition") on April 18, 2012.[1] [Dkt. no. 224.] On April 19,

---

[1] Defendant Randall Ken Kurata ("Kurata"), Defendant Charles Alan Pflueger ("Charles Pflueger"), and Defendant Julie Ann Kam ("Kam") each filed a joinder in the Opposition on April 18, 2012. [Dkt. nos. 225, 226, 227.] On May 18, 2012, this Court accepted both Kurata's change of plea and Charles Pflueger's change of plea, [dkt. nos. 329, 330,] and, on May 25, 2012, this Court accepted Kam's change of plea [dkt. no. 339]. Insofar as Kurata, Charles Pflueger, and Kam have pled guilty and will not be proceeding to trial, their joinders in Pflueger's Opposition are moot.

2012, the Government filed its Reply. [Dkt. no. 228.] This matter was considered as a non-hearing motion. After careful consideration of the Magistrate Judge Appeal, Opposition and Reply, the Government's Magistrate Judge Appeal is HEREBY DENIED.

**BACKGROUND**

The parties and the Court are familiar with the factual and procedural background of this case. The Court will therefore only discuss the events that are relevant to the Magistrate Judge Appeal.

Pflueger filed his Motion for Severance Pursuant to Rule 14 of the Federal Rules of Criminal Procedure ("Motion") on February 17, 2012. [Dkt. no. 149.] The Motion asserted that Defendant Dennis Duban ("Duban") has unique knowledge about the preparation of Pflueger's tax returns, "is a critical witness in defending the charges against Jimmy Pflueger[,]" and that Pflueger will not be able to call Duban as a witness at a joint trial because they are codefendants and alleged coconspirators. [Mem. in Supp. of Motion at 2.]

After briefing by the parties and a hearing on March 12, 2012, the magistrate judge took the matter under advisement. [Minutes, filed 3/12/12 (dkt. no. 192).] On March 27, 2012, the magistrate judge issued his Order Granting Defendant James Henry Pflueger's Motion for Severance Pursuant to Rule 14 of the Federal Rules of Criminal Procedure ("Order").

[Dkt. no. 205.] The Order notes that Pflueger's "attorney submitted a declaration stating that he 'would call Mr. Duban as a defense witness' if the trials were severed." [Order at 3 (quoting Motion, Decl. of Steven Toscher at ¶ 3).] The Order also noted that Duban submitted a declaration *in camera* stating that he would testify in Pflueger's defense if the trials were severed but would not do so if there was a joint trial because he would have to waive his rights under the Fifth Amendment, and setting forth the factual details to which he would testify if a separate trial was held as to Pflueger. [Id.] The magistrate judge concluded that Duban's "testimony is favorable for Pflueger and may be substantially exculpatory." [Id. at 4 (citing United States v. Bishop, 291 F.3d 1100, 1106 (9th Cir. 2002) ("Good faith reliance on a qualified accountant has long been a defense to willfulness in cases of tax fraud and evasion."))._] Accordingly, the magistrate judge granted the Motion and ordered that Duban's trial take place prior to Pflueger's trial. [Id. at 7.]

## I. The Government's Magistrate Judge Appeal

The Government urges this Court to reconsider the magistrate judge's finding that severance is appropriate under Rule 14 of the Federal Rules of Criminal Procedure as to some or all counts. It argues that the magistrate judge committed clear error in granting the Motion because severance under Rule 14 can

3

only be permitted where the defendant carries a very high burden to show that: the moving defendant has a good faith intention of calling the codefendant to testify; the probability that the codefendant will testify; the degree to which the proposed testimony is exculpatory; and the economy of a joint trial. [Mem. in Supp. of Magistrate Judge Appeal at 6 (citation omitted).]

The Government particularly challenges the magistrate judge's finding that Duban's testimony may be substantially exculpatory. While acknowledging that his proposed testimony was submitted *in camera* (and asserting that it should be unsealed so as to allow evaluation of its contents), the Government nevertheless asserts that it believes Duban's proposed testimony is not substantially exculpatory. In this regard, the Government provides a laundry list of the evidence that it apparently intends to produce at trial against Pflueger and which it characterizes as so "overwhelming" that Duban's proposed testimony to the contrary should be disregarded. [Id. at 14.] Should Duban's proposed testimony provide exculpatory evidence, however, the Government argues that other individuals assisted in preparing Pflueger's tax returns. Duban's testimony is therefore not necessary because these individuals can provide the same exculpatory information.

4

The Government's further arguments are: the economy of a joint trial outweighs any severance because Pflueger may choose to delay his trial indefinitely and this possible delay will double or triple the length and financial cost of trial; and the magistrate judge failed to determine whether Pflueger met his heavy burden as to each count because Duban's role in the counts involving the offshore account was not the same as his role in the counts involving personal expenses since the extent to which his proposed testimony may be exculpatory as to one tax scheme could be different, or even non-existent, as to the other.

Alternatively, the Government requests that the Court reverse the order of the trials and require Pflueger to proceed to trial first because there is no indication that Duban, in the event that he is convicted, is willing to testify on Pflueger's behalf after conviction but before sentencing or appeal.

## II. **Pflueger's Opposition**

Pflueger, on the other hand, submits that the magistrate judge carefully reviewed the factors involved, that the Government cannot point to any error but rather merely disagrees with the conclusions reached by the magistrate judge, and that the magistrate judge was correct in finding that "'denying Pflueger of Duban's testimony would infringe on his constitutional right to present witnesses in his own defense.'" [Opp. at 5 (quoting Order at 4-5).] Further, he argues that

Duban's testimony is substantially exculpatory as to all of the counts against him: the personal expenses conspiracy charges as well as the offshore account conspiracy charges.  Pflueger counters the Government's contention that severance is unwarranted because others who assisted Duban in preparing Pflueger's tax returns may be able to provide similar exculpatory testimony by pointing out that the magistrate judge evaluated Duban's declaration and concluded that "'Duban was the person who directly communicated with Pflueger about his tax documents and is in the unique position of being able to provide testimony about Pflueger's knowledge, state of mind, and role in the preparation of his tax documents.'"  [Id. at 12-13 (quoting Order at 3).]

As to the Government's request to unseal his declaration, Pflueger argues that the magistrate judge determined that Duban's proposed testimony was sufficiently credible to warrant severing his trial from Pflueger's, and thus the determination must be upheld unless shown to be clearly erroneous.  He contends that unsealing the declaration is not the normal practice nor is it justified where the magistrate judge was capable of evaluating its contents.

Pflueger argues that the Government's contention that it was error to grant severance because of uncertainty that Duban will ever testify should he be convicted is misplaced.  He points

out that the standard is "reasonable probability" (not certainty) that the proposed testimony will materialize, that this standard was ably met by the declarations submitted, and that the magistrate judge evaluated these declarations with the correct standard in mind.

As to the Government's argument that judicial economy weighs in favor of a joint trial, rather than a separate trial each for Pflueger and Duban, because separate trials will double or triple the cost to hold multiple trials, Pflueger emphasizes that "'[j]udicial economy must yield to a defendant's right to a fair trial.'" [Id. at 16 (quoting United States v. DiBernardo, 880 F.2d 1216, 1228-1229 (11th Cir. 1989)).] The magistrate judge, Pflueger submits, correctly concluded that Pflueger would be deprived of Duban's proposed testimony if a joint trial was held and that such deprivation would impermissibly compromise his constitutional right to present witnesses in his defense and result in manifest prejudice. In the face of such prejudice, Pflueger insists that judicial economy is clearly outweighed.

Lastly, Pflueger addresses the Government's alternative request to reverse the order of the trials and have Pflueger's trial held first, and states that there is neither a legal nor a rational basis offered to support this request. Pflueger contends that reversing the order of the trials would render the severance meaningless.

## III. The Government's Reply

In its Reply, the Government stresses that the Magistrate Judge Appeal does identify clear error by the magistrate judge. The Government argues that the magistrate judge's committed clear error in finding that Duban's declaration was substantially exculpatory as to all counts because the magistrate judge did not consider Duban's proposed testimony in light of the factual differences between the counts regarding the offshore account and the counts regarding the personal expenses. In addition to reiterating the arguments it raised in the Magistrate Judge Appeal, the Government argues that, to the extent Duban's declaration is exculpatory, it is only exculpatory as to as to the counts regarding the offshore account. The Government emphasizes that Duban did not prepare Pflueger's 2004 tax return and that any reliance on Duban's advice must have been in good faith. The Government argues that the facts surrounding the two different tax schemes indicate that Duban's testimony is more likely to exculpate Pflueger as to the offshore scheme and not as to the personal expense scheme. Further, the Government argues that Pflueger can testify regarding Duban's advice, particularly because the law does not recognize an accountant-client privilege.

The Government stresses that it cannot raise specific arguments why parts of Duban's declaration "are incredible,

cumulative, or otherwise not substantially exculpatory" because it has never seen the declaration. [Reply at 2.] The Government argues that unsealing Duban's declaration is critical to ensuring that the magistrate judge properly evaluated Duban's proposed testimony. The Government clarifies that it does not oppose the submission of Duban's declaration for *in camera* review; the Government objects to the ex parte submission of the declaration. The Government argues that such a procedure is not the common and proper practice.

### STANDARD

> Pursuant to 28 U.S.C. § 636(b)(1) and Criminal Local Rule 57.3(b), a party may appeal to a district judge any pretrial nondispositive matter determined by a magistrate judge. Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order may be reversed by the district court only if it is "clearly erroneous or contrary to law." The threshold of the "clearly erroneous" test is high. United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

United States v. Sou, Crim. No. 09-00345 SOM, 2011 WL 1463798, at *2 (D. Hawai`i Apr. 15, 2011).

**DISCUSSION**

I.  **Necessity of Separate Trials**

Rule 14 provides, in pertinent part, that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . , the court may . . . sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  "Severance is appropriate under Rule 14 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'"  United States v. Stinson, 647 F.3d 1196, 1205 (9th Cir. 2011) (quoting Zafiro v. United States, 506 U.S. 534, 539, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993)), *cert. denied*, 132 S. Ct. 1768 (2012), and 132 S. Ct. 1773 (2012).

The Ninth Circuit has held that:

> In considering a defendant's claim that a codefendant will provide exculpatory testimony, a district court must weigh a number of factors, among them, "the good faith of the defendant's intent to have a codefendant testify, the possible weight and credibility of the predicted testimony, the probability that such testimony will materialize, [and] and the economy of a joint trial."  This list is not exclusive.  We now join a parade of circuits in holding that a district court must also consider the exculpatory nature and effect of the desired testimony – in other words, the *degree* to which the asserted codefendant testimony is exculpatory.

United States v. Mariscal, 939 F.2d 884, 885 (9th Cir. 1991) (alteration and emphasis in original) (citations omitted).

In light of the foregoing principles, this Court cannot find that the magistrate judge's decision was clearly erroneous. Pflueger presented Mr. Toscher's declaration about Pflueger's good faith intent to call Duban as a witness, and Duban's declaration, submitted *in camera*, containing the facts underlying his proposed testimony. The magistrate judge examined these declarations and found that: Pflueger has a good faith intent to call Duban as a witness; Duban would in fact testify; the testimony would be favorable; and the testimony may be "substantially exculpatory[.]" [Order at 4.]

There is ample indication that the magistrate judge examined all of the factors relevant to determining whether Duban's testimony would be substantially exculpatory. First, the magistrate judge evaluated Duban's proposed testimony for weight and credibility. The Order specifically mentions pertinent details in Duban's declaration that speak to his knowledge as a witness: that "[h]e was responsible for all of Pflueger's tax filings[;]" and that he "was the person who directly communicated with Pflueger about his tax documents and is in the unique position of being able to provide testimony about Pflueger's knowledge, state of mind, and role in the preparation of his tax documents." [Id. at 3.] That subordinate people assisted Duban in preparing Pflueger's tax filings is beside the point. The record substantially supports that Duban was in the unique and

long-standing position of serving as Pflueger's tax accountant. Second, the finding that Duban will probably testify is supported by Duban's declaration and not controverted by other evidence or reasonable inferences. [Id.] Third, the magistrate judge properly considered whether Pflueger's constitutional right to present witnesses in his defense would be imperiled in a joint trial, found that it would, and concluded such prejudice outweighed any judicial economy. [Id. at 5.]

This Court finds the Government's argument that the magistrate judge failed to assess the weight and credibility of Duban's proposed testimony as to the personal expenses counts to be unavailing. The magistrate judge's weight and credibility evaluation took into account Duban's specialized knowledge about Pflueger and his expenses, income and tax situations, and these points are applicable to both the personal expense counts and the offshore account counts. Likewise, the Government's assertion that Duban's credibility should be weighed in light of the Government's evidence against Pflueger is also unavailing. The inquiry is not a mini-trial to determine whether the proposed testimony is more credible and believable than the Government's evidence but is about the testimony itself -- whether it appears to be credible and relevant to the issues in the case. Mariscal, 939 F.2d at 885 ("[A] district court must weigh a number of factors, among them, . . . the possible weight and credibility of

the predicted testimony . . . .").

The Government's arguments regarding judicial economy are unpersuasive in light of Pflueger's inability to compel Duban to testify at a joint trial and Duban's statement in his declaration that he would not testify at a joint trial because such testimony would force him to waive his Fifth Amendment rights.  Further, this Court is not persuaded by the Government's argument that, if Duban will not testify on Pflueger's behalf in a joint trial, Pflueger himself can testify regarding Duban's advice.  Forcing Pflueger to waive up his Fifth Amendment right would be prejudicial to Pflueger and that prejudice outweighs the judicial economy of a joint trial.  See United States v. Seifert, 648 F.2d 557, 563 (9th Cir. 1980) ("[T]he defendant must show that failure to sever was so manifestly prejudicial that it outweighed the dominant judicial concern with judicial economy . . . ." (citation omitted)).

The Court cannot say that, after reviewing the evidence, it has a definite and firm conviction that the magistrate judge made a mistake.  The Court therefore AFFIRMS the magistrate judge's order that separate trials be held as to Duban and Pflueger, and that Duban's trial precede Pflueger's trial.

## II. **Unsealing Duban's Declaration**

The Government requests that this Court unseal Duban's declaration that was submitted in support of Pflueger's Motion

13

but does not, however, offer any legal or practical reason to do so.  Unsealing the declaration could implicate Duban's Fifth Amendment rights.  On balance, the Court declines to do so.  The Government's request is hereby DENIED.

### III. Request to Reverse the Sequence of Trials

The Government argues that "nowhere has there been any suggestion that Duban would be willing to testify between trial and sentencing or appeal in the event that he was convicted at trial."  [Mem. in Supp. of Magistrate Judge Appeal at 19.] Duban's offer to testify at a separate trial, the Government contends, is similar to the codefendant witness in Doe who offered to testify on the condition that Doe's trial precede the codefendant's trial.  This conditional offer to testify was likened to "'play[ing] games[.]'"  [Id. (alteration in Mem. in Supp.) (quoting United States v. Doe, 655 F.2d 920, 927 (9th Cir. 1980).]  The Court disagrees.  As the magistrate judge correctly noted, Pflueger cannot compel Duban to testify at a joint trial and Duban has made it clear that he will not testify at a joint trial because he fears that, by doing so, he may waive his Fifth Amendment rights.  Severing the trials but having Pflueger's trial occur first would have the same effect as a joint trial, that is, Duban would probably not testify.  For these reasons, the Government's request is hereby DENIED.

14

**CONCLUSION**

On the basis of the foregoing, the Government's Appeal and Request to the District Court to Reconsider a Pretrial Matter Determined by the Magistrate Judge, filed on April 4, 2012, [dkt. no. 209,] is HEREBY DENIED, and the magistrate judge's March 27, 2012 Order Granting Defendant James Henry Pflueger's Motion for Severance Pursuant to Rule 14 of the Federal Rules of Criminal Procedure, filed on March 27, 2012, [dkt. no. 205,] is HEREBY AFFIRMED. Further, the Government's requests to unseal Duban's declaration and to reverse the order of the trials are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 28, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA V. CHARLES ALAN PFLUEGER, ET AL; CR. NO. 10-00631 LEK; ORDER DENYING THE GOVERNMENT'S APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE**